

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,479-02

### EX PARTE GERARDO OGAZ, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1789 IN THE 394TH DISTRICT COURT OF CULBERSON COUNTY

**SLAUGHTER, J.,** filed a concurring opinion.

### CONCURRING OPINION

I join in the Court's decision to grant Applicant post-conviction habeas corpus relief in the form of an out-of-time petition for discretionary review. I write separately to, once again, emphasize the importance of appellate counsel's duty to provide timely and accurate information to clients regarding the right to file a *pro se* PDR following the resolution of a direct appeal. Here, appellate counsel failed to adequately inform Applicant of this right after the court of appeals affirmed his convictions, thereby depriving Applicant of his ability to pursue review in this Court. This situation happens far too frequently and is a troubling sign that some appellate attorneys are routinely failing to carry out their duties in

this regard, resulting in unfairness to clients and excessive post-conviction litigation to correct such errors.

## I.      Background

On April 17, 2019, Applicant was convicted of intoxication manslaughter with a vehicle[1] and failure to stop and render aid.[2] After Applicant pleaded "true" to the alleged enhancements, the jury assessed prison terms of 50 years and 25 years on the charges, respectively. On direct appeal, Applicant's appointed appellate counsel timely filed an *Anders* brief and a motion to withdraw.[3] On June 18, 2021, the Eighth Court of Appeals issued its opinion in which it agreed with appellate counsel that there were no arguable grounds for appeal, thereby resulting in affirmance of the trial court's judgments. *Ogaz v. State*, No. 08-19-00137-CR, 2021 WL 2493253, at *1 (Tex. App.—El Paso June 18, 2021, no pet.) (not designated for publication). Although the deadline to file a petition for discretionary review occurred 30 days later, *see* TEX. R. APP. P. 68.2(a), no petition was timely filed.

In his instant post-conviction habeas application, Applicant alleges that appellate counsel never informed him of the court of appeals' decision. Instead, Applicant claims that, long after the deadline for filing a PDR had passed, he discovered the outcome of his direct appeal through a third party. Applicant now seeks relief in the form of an out-of-

---

[1] TEX. PENAL CODE § 49.08(b).
[2] TEX. TRANSP. CODE § 550.021(c)(1)(A).
[3] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967).

time PDR, contending that, but for counsel's failure to notify him of the court of appeals' decision, he would have timely filed a *pro se* PDR with this Court.

In response to the allegations, appellate counsel filed an affidavit stating that he recalled "being notified of the [court of appeals'] Opinion, printing it out, and putting it in an envelope for [Applicant]." However, because of the significant passage of time, appellate counsel had "no direct memory" of actually mailing the envelope, and he was unable to produce any evidence that he had done so. Appellate counsel also noted that he had advised Applicant of his right to file a *pro se* PDR in October 2019, in a letter counsel sent to Applicant shortly after counsel submitted his *Anders* brief to the court of appeals. But counsel did not indicate that he provided Applicant with any information regarding his PDR rights after that point in time.

After the case was initially forwarded by the habeas court, this Court remanded the case to obtain the prison mail logs. The custodian of records at the institution where Applicant was confined submitted an affidavit explaining that, during the timeframe in question, Applicant did not receive any mail from appellate counsel. Based on this evidence, the habeas court has recommended granting Applicant an out-of-time PDR as a result of appellate counsel's failure to timely inform Applicant that his convictions had been affirmed on direct appeal.

## II.     Appellate Counsel's Duties Under the Appellate Rules

Criminal defendants have a constitutional right to the effective assistance of counsel. U.S. CONST. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). This right to effective assistance extends to the first direct

appeal. *Evitts v. Lucey*, 469 U.S. 387, 395–96, 105 S. Ct. 830, 83 L.Ed.2d 821 (1985); *Ward v. State*, 740 S.W.2d 794, 799 (Tex. Crim. App. 1987). Although a criminal defendant has no right to the assistance of counsel for purposes of actually pursuing discretionary review, appellate counsel still has the duty to notify the defendant of the appellate court's decision and to advise the defendant regarding his right to file a *pro se* PDR. *In re Schulman*, 252 S.W.3d 403, 411 (Tex. Crim. App. 2008) (detailing appellate counsel's duties to clients upon denial of relief on appeal). This obligation is codified in the Texas Rules of Appellate Procedure:

> In criminal cases, the attorney representing the defendant on appeal shall, **within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review** under Rule 68. This notification shall be sent certified mail, return receipt requested, to the defendant at his last known address. The attorney shall also send the court of appeals a letter certifying his compliance with this rule and attaching a copy of the return receipt within the time for filing a motion for rehearing. The court of appeals shall file this letter in its record of the appeal.

TEX. R. APP. P. 48.4 (emphasis added). As Rule 48.4 clearly states, appellate counsel *must*: (1) send a copy of the court of appeals' opinion *and* written notification of the defendant's right to pursue a *pro se* PDR "within five days after the opinion is handed down;" (2) send that notification via certified mail, with a return receipt requested; and (3) send the court of appeals a letter certifying compliance with Rule 48.4.

Here, it is apparent that appellate counsel failed to comply with Rule 48.4 by failing to send Applicant timely notification of the court of appeals' decision within five days of it being handed down. This, by itself, justifies granting Applicant an out-of-time PDR. *See Ex parte Riley*, 193 S.W.3d 900, 902 (Tex. Crim. App. 2006) ("Normally, when an

appellant is not informed of the decision of the court of appeals by his attorney in time for him to file a petition for discretionary review, it will be ineffective assistance of counsel."). Further, the record indicates that appellate counsel notified Applicant of his right to file a *pro se* PDR in a letter sent to Applicant many months before the court of appeals issued its opinion. Appellate counsel's affidavit seems to suggest that he believed this constituted adequate notice of Applicant's right to file a *pro se* PDR. But, as the language of Rule 48.4 makes clear, informing the client of the right to pursue discretionary review *before* the court of appeals issues its opinion does not discharge the lawyer's duty. Instead, it is only *after* the court of appeals issues its decision that appellate counsel must, within five days, inform the client of the right to file a *pro se* PDR along with notification of the court's decision. *See Schulman*, 252 S.W.3d at 408 n.22 (observing that notification of an appellant's right to file a *pro se* PDR must be "repeated at the time that counsel sends the defendant a copy of the court of appeals's opinion" (citing TEX. R. APP. P. 48.4)). Thus, appellate counsel's failure to *timely* inform Applicant of his right to file a *pro se* PDR constitutes an independent basis for finding counsel ineffective here, regardless of whether appellate counsel also informed Applicant of that right months in advance of the appellate court's decision. Accordingly, I agree with the habeas court's assessment that counsel's conduct in failing to comply with Rule 48.4 deprived Applicant of an entire proceeding, such that he is entitled to an out-of-time PDR. *See Ex parte Wilson*, 956 S.W.2d 25, 26 (Tex. Crim. App. 1997) ("If appellate counsel's action or inaction denies a defendant his opportunity to prepare and file a petition for discretionary review, that defendant has been denied his sixth amendment right to effective assistance of counsel."); *see also Ex parte*

*Crow*, 180 S.W.3d 135, 138 (Tex. Crim. App. 2005) ("Losing the right to file a PDR constitutes the deprivation of that entire proceeding.").

### III. Appellate Counsel's Duties Under the Rules of Professional Conduct

More generally, I also note that the Texas Disciplinary Rules of Professional Conduct require lawyers to keep clients reasonably informed of any case developments and to effectively communicate with their clients in a manner that permits the clients to make informed decisions related to their cases. Tex. Disciplinary Rules Prof'l Conduct R. 1.03(a)–(b). Further, in representing a client, a lawyer "shall not neglect a legal matter entrusted to the lawyer." *Id.* R. 1.01(b)(1).

Ultimately, appellate counsel's failure to properly communicate with Applicant about the status of his case fell short of the standards of professionalism set forth in the disciplinary rules. Such failure also places unnecessary burdens on the courts and causes judicial inefficiency that wastes taxpayer dollars. I certainly understand and acknowledge that we are all human beings who make mistakes. But based on the sheer volume of cases in which this or similar problems arise, it is my ethical obligation to bring attention to this issue so that attorneys may be reminded of the effect of failing to stay abreast of case developments and properly communicate with their clients. *See* Tex. Jud. Code Conduct, Canon 3(D)(2) ("A judge who receives information clearly establishing that a lawyer has committed a violation of the Texas Disciplinary Rules of Professional Conduct should take appropriate action."). It is my hope that by bringing attention to this issue, appellate attorneys will be motivated to take steps to ensure that such situations do not occur in the future.

With these comments, I join the Court's opinion.


Filed: March 6, 2024

Publish